THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| IRA WILLIE GENTRY, JR.,<br><br>　　　　　Petitioner,<br><br>v.<br><br>JEFFREY H. ROSENLUND,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>Case No. 2:22-cv-361<br><br>District Judge David Barlow |

Before the court is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Ira Willie Gentry, Jr.[1] Gentry was convicted and sentenced in the United States District Court for the District of Arizona but is currently on supervised release in Centerville, Utah.[2] Although he has already finished his term of incarceration,[3] Gentry argues that his convictions should be vacated because he was tried and convicted on counts that were barred by their respective statutes of limitations.[4]

Generally, "federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255,"[5] while "[p]etitions

---

[1] Revised Petition for Writ of Habeas Corpus, ECF No. 4, filed May 27, 2022. Gentry's original petition was filed a day earlier. *See* ECF No. 1. Because Gentry proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, pro se plaintiffs must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] ECF No. 4 at 2.

[3] While this raises questions about mootness, it is clear that "release from prison does not necessarily moot a habeas petition" because ex-prisoners "retain[] 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him'" so long as they "continue[] to suffer 'collateral consequences' from [that] conviction." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). However, the court need not address mootness issues here in light of its finding that Gentry has no basis for seeking relief under § 2241.

[4] ECF No. 4 at 2.

[5] *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011).

under § 2241 are used to attack the execution of a sentence."[6] However, a federal prisoner may nonetheless challenge a conviction under § 2241 if, and only if, "the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'"[7] "If a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to" bringing a petition under § 2241.[8]

      Having conducted an initial review of Gentry's petition, the court concludes that Gentry has no basis for seeking relief under § 2241. Gentry argues that his convictions should be vacated because he was convicted on counts for which the statute of limitations had run, but he makes no argument as to why such a challenge could not be made in a § 2255 petition. In fact, he notes in his petition that he has raised statute of limitations arguments in other petitions that have already been denied.[9] Although he claims that the specific arguments he now makes have not been addressed,[10] that does not change the fact that § 2255 is the proper, and an adequate, mechanism for making such arguments. That he may be barred from doing so on procedural grounds is not a factor that renders it otherwise.[11] And, in any event, Gentry makes no argument of any kind as to why the § 2255 procedure itself is inadequate or ineffective. He has the burden of showing inadequacy or ineffectiveness,[12] but has failed to even address it, much less carry it.

---

[6] *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

[7] *Prost*, 636 F.3d at 580 (quoting 28 U.S.C. § 2255(e)).

[8] *Johnson v. Hudson*, No. 21-3141, 2022 WL 1321773, at *2 (10th Cir. May 3, 2022) (unpublished) (alterations in original) (internal quotation marks omitted) (quoting *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013)).

[9] ECF No. 4 at 2.

[10] *Id.*

[11] *See Prost*, 636 F.3d at 580.

[12] *Id.* at 584.

In sum, because Gentry has failed to show that a petition under § 2255 would be inadequate, and apparently may even be seeking relief pursuant to § 2255 here as well,[13] he has no basis for seeking relief under § 2241. Therefore, Gentry's petition for habeas relief under § 2241 must be denied.

## ORDER

For the foregoing reasons, Gentry's petition for habeas corpus relief under 28 U.S.C. § 2241 is DENIED and this action is DISMISSED WITHOUT PREJUDICE.

Signed July 11, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[13] Gentry checked a box in his § 2241 petition indicating that he was challenging the validity of his conviction and sentence by motion under 28 U.S.C. § 2255. *See* ECF No. 4 at 3. Such a petition must be brought in the court where his sentence was imposed, the District of Arizona. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).