THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| IRA WILLIE GENTRY, JR.,<br><br>Petitioner,<br><br>v.<br><br>JEFFERY H. ROSENLUND,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [10] MOTION TO RECONSIDER**<br><br>Case No. 2:22-cv-361<br><br>District Judge David Barlow |

This matter is before the court on Petitioner Ira Gentry Jr.'s motion[1] asking the court to reconsider its July 11, 2022, ruling[2] denying his motion for relief under 28 U.S.C. § 2241. Gentry's motion was denied because he failed to establish that relief under § 2241 was appropriate by showing that 28 U.S.C. § 2255 provided an inadequate or ineffective mechanism for seeking relief.[3]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[4] In seeking reconsideration here, Gentry essentially argues that the court's ruling was clearly erroneous by raising the same arguments he made in his original petition as to why relief under § 2255 is inadequate or ineffective. Specifically, he argues that the

---

[1] ECF No. 10, filed July 21, 2022.

[2] ECF No. 9.

[3] *Id.* at 2–3.

[4] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

statute-of-limitations based claims he seeks to bring under § 2241 were raised on direct appeal and in a prior § 2255 motion but were never actually addressed by the courts who heard them.[5]

However, Gentry's reassertion of these arguments does not convince the court that its ruling was clearly erroneous or manifestly unjust. Even if the courts that heard Gentry's direct appeal and previous § 2255 motion failed to address his statute-of-limitations based claims, that does not mean that § 2255 provides an ineffective or inadequate mechanism to test the merits of those claims.[6] The Tenth Circuit has made it clear that § 2255's savings clause—which provides the basis for motions to be brought under § 2241 when a § 2255 motion is inadequate or ineffective—"concerns the adequacy of § 2255 itself, not the adequacy of another court's response to a particular § 2255 petition."[7] Thus, the test for determining whether a § 2241 motion is appropriate is and always has been whether the arguments made in that motion could have been tested in an initial § 2255 motion.[8] If the answer is yes, then relief under § 2241 is unavailable.

Here, Gentry argues only that two courts—the Ninth Circuit in 2009 on direct appeal and the District of Arizona in 2013 under § 2255—previously erred by failing to address his meritorious statute of limitations arguments.[9] Under Tenth Circuit case law, this is simply not enough to show that § 2255 provides an inadequate or ineffective mechanism for testing the

---

[5] *See* ECF Nos. 4 at 5; 9 at 2–4.

[6] *See Barnett v. Maye*, 602 Fed. App'x 717, 719 (10th Cir. 2015) (unpublished) (finding that the district court lacked jurisdiction to hear the petitioner's motion under § 2241 even if "the district and appellate courts that heard his initial § 2255 petition failed either to consider or rule on several claims he presented in that petition"); *see also Prost v. Anderson*, 636 F.3d 578, 585 (10th Cir. 2011) ("[A]n 'erroneous decision on a § 2255 motion doesn't suffice to render the § 2255 remedy itself inadequate or ineffective.'").

[7] *Barnett*, 602 Fed. App'x at 719; *see also Prost*, 636 F.3d at 590 ("[T]he plain language of the savings clause does not authorize resort to § 2241 simply because a court errs in rejecting a good argument.").

[8] *Barnett*, 602 Fed. App'x at 719; *Prost*, 636 F.3d at 584 ("The relevant metric or measure, we hold, is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion.").

[9] ECF No. 4, 2-4.

merits of those arguments.[10] Because § 2255 remains the proper mechanism for Gentry to assert his claims, relief under § 2241 is unavailable.[11]

## ORDER

For the foregoing reasons, Gentry's motion[12] for reconsideration is DENIED.

Signed August 2, 2022.

BY THE COURT

David Barlow
United States District Judge

---

[10] *See Barnett*, 602 Fed. App'x at 719–20; *Prost*, 636 F.3d at 590.

[11] While the foregoing is dispositive, the court further notes that this action comes 16 years after the underlying convictions, 13 years after the direct appeal, and 9 years after the § 2255 action. As both the Tenth Circuit and the Supreme Court have stated, the "principle of finality, the idea that as some point a criminal conviction reaches an end, a conclusion, a termination, 'is essential to the operation of our criminal justice system.'" *Prost*, 636 F.3d at 582–83.

[12] ECF No. 10.